# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO YBOY FLORES,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, et al.,<br><br>Respondents, | Case No. 2:25-cv-07882-JWH-AJR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.[1] On May 18, 2026, Petitioner Luis Alberto Yboy Flores filed Objections. The Court has considered the Objections and reviewed *de novo* those portions of the Report and Recommendation to which Flores objected.

In this immigration detention matter, Flores has not been arrested since 2020 and has obtained a stay of removal, and Respondents had agreed not to re-arrest Flores at his August 2025 check-in appointment with Immigration and Customs Enforcement. Thus, the R&R recommends the dismissal of the Petition because it fails to present a justiciable case or controversy or, alternatively, is moot.[2] Flores's objections to the R&R do not merit a different result.

Flores objects that he has sufficiently alleged "a concrete and imminent injury," based upon his upcoming check-in appointment in May 2026, for which he has no assurances that Respondents will not re-arrest him.[3] The Court agrees with the R&R that Flores's "speculative and contingent allegations do not establish an 'actual or imminent' injury required for Article III standing."[4] As the R&R found, Flores's August 2025 appointment occurred without incident, he has not been re-detained at any time since filing this Petition, and he has safeguards based upon his stay of removal and his bail order from the class action

---

[1]    Report and Recommendation (the "R&R") [ECF No. 19].

[2]    *See generally id.*

[3]    Obj. to R&R (the "Objections") [ECF No. 21] 3:10-11.

[4]    R&R 7:2-6 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

settlement of *Roman v. Wolf*, 829 F. App'x 165 (9th Cir. 2020).[5] "This conclusion is consistent with recent decisions in this district rejecting similar claims where the alleged risk of re-detention did not materialize."[6] And in the alternative, this case is moot because "the Court can no longer grant effective relief as to the alleged injury that prompted this action," and Flores has not shown that re-detention is "capable of repetition, yet evading review."[7]

Having reviewed the Report and Recommendation *de novo*, the Court concludes that Flores's Objections do not cause this Court to alter or modify the R&R and Recommendation. Accordingly, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Respondents' Motion to Dismiss is **GRANTED**, and the Petition is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to serve copies of this Order and the Judgment herein on Flores at the current address of record, as well as all Respondents.

4. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated:    May 29, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[5]    *Id.* at 7:12-8:8.

[6]    *Id.* (citing cases).

[7]    *Id.* at 10:8-28.